ADAMS *v.* SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD.

HILL, J. 1: The Civil Code (1910), § 2500, provides that "Death by suicide, or by the hands of justice, either punitive or preventive, releases the insurer from the obligation of his contract." The foregoing statute is not unconstitutional as in conflict with art. 1, sec. 2, par. 3, of the constitution of Georgia (§ 6384), and similar provision of the Federal constitution (§ 6671), providing that "no conviction shall work corruption of blood, or forfeiture of estate." See *Mack* v. *Westbrook*, 148 *Ga.* 690 (98 S. E. 339).

2. It is alleged in the petition that under the provisions of the constitution, laws and by-laws of the defendant association, if a member comes to his death by the hands of justice, the certificate shall be null and void and of no effect, and all moneys which shall have been paid and all rights and benefits which have been accumulated on account of the certificate shall be absolutely forfeited without notice. Also, that the by-laws of the association provide that "if the member holding this certificate shall be convicted of a felony, or shall be expelled from this society, or become so far intemperate from the use of intoxicating liquors as to produce delirium tremens, or habitually uses opiates, cocaine, . . this certificate shall be null and void." The petition further alleges that plaintiff is a beneficiary under a certificate of life insurance issued to her husband by the defendant; that he remained in good standing in said association until his death; that he was lawfully

convicted of the offense of murder, and was executed on May 22, 1931, and proof of his death was furnished to the defendant, which refused payment of the insurance on the ground that the insured "met his death at the hands of justice." The certificate of insurance sued upon provided that "should this certificate become void for any cause, acceptance of any payment from or for the member, or other act by the camp officer or member of the association thereafter, shall not operate as an estoppel or as a waiver of this contract." The alleged acts of the defendant did not operate as an estoppel in this case.

3. The petition failed to set out a cause of action under the allegations and the certificate sued upon, and the court did not err in dismissing it upon demurrer.  *Judgment affirmed.  All the Justices concur.*

No. 8857.  NOVEMBER 15, 1932.  REHEARING DENIED JANUARY 14, 1933.

*Paul T. Chance,* for plaintiff.

*Hull, Barrett & Willingham* and *John Bell Torrill,* for defendant.